UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-00388-RC |
| : | |
| VIC WILLIAMS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF PRETRIAL ORDER REGARDING CONDITIONS OF RELEASE**

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Vic Williams' ("the defendant") Motion to Modify Conditions of Release, filed on November 1, 2021. Dkt. 34. The defendant seeks to amend his conditions of release by ending home visits by U.S. Pretrial Services in the Western District of Texas. The Government opposes removing this condition of release.

## BACKGROUND

On January 6, 2021, thousands of rioters took part in an attack on the Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected official and their staff to flee or shelter in place and injuring many law enforcement officers.

The defendant participated in this attack. He unlawfully entered the U.S. Capitol building and, after, bragged on social media about his participation. The defendant was charged by criminal complaint on May 10, 2021, and was arrested on May 20, 2021. Dkt. 1, 5. The defendant's initial appearance was held on May 27, 2021, before Magistrate Judge Meriweather. Magistrate Judge Meriweather set conditions of release on June 1, 2021, including requiring the defendant to submit

to supervision by Pretrial Services in the Western District of Texas. Dkt. 10 at 3-4. As part of this supervision, Pretrial Services in the Western District of Texas conducts home visits. Over the course of five months, from June 1, 2021, to November 1, 2021, four home visits have been conducted, one of which was a virtual home visit.

On June 4, 2021, the defendant was charged by Information with four misdemeanor offenses, Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Dkt. 8. On October 28, 2021, the defendant pleaded guilty to Count Four of the Information, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See Dkt. 33. Sentencing is scheduled for February 7, 2022.

**ARGUMENT**

I. **Applicable Authority**

A defendant may file a motion for amendment of conditions of release with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(a)(2). A defendant's "compliance—even model compliance—with the Court's requirements is not enough to warrant adjustment of [the defendant's] pretrial release conditions." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018). Rather, a defendant must demonstrate that there "has been a development in [his] situation that would affect the Court's assessment of the 'least restrictive' conditions of release that 'will reasonably assure . . . the safety of any other person and the community." *Id*. (quoting 18 U.S.C. § 3142(c)); *cf. United States v. Bikundi*, 73 F. Supp. 3d 51, 55 (D.D.C. 2014) ("As the D.C. Circuit has noted, the mere passage of time, without a substantial

2

change in the 'underlying reasons for this court's prior decisions' regarding pretrial [conditions] is generally not sufficient to warrant reconsiderations.") (quoting *United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013) (per curiam)).

II. **Supervision by Pretrial Services in the Western District of Texas Remains the Least Restrictive Means to Ensure the Appearance of the Defendant as Required and the Safety of the Community.**

Defendant has not presented any facts or developments regarding his situation to affect this Court's assessment of the least restrictive conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(c). Rather, the defendant asserts that he has been required to cut several work trips short to return to his home for a visit from Pretrial Services. Dkt. 34 at 2.

Home visits are not a condition of defendant's release. Instead, the defendant's conditions of release require the defendant to submit to supervision by Pretrial Services in the Western District of Texas. Dkt. 10 at 3-4. As part of that supervision, Pretrial Services conducts home visits, which it finds necessary for proper oversight of the defendant. These visits are one of Pretrial Services' main tools in supervising the defendant and verifying the information that the defendant reports to Pretrial Services.

Pretrial Services has attempted to provide flexibility to the defendant while continuing to conduct necessary and adequate supervision. First, across the country, home visits are often unannounced, but in the Western District of Texas, the visits are announced and scheduled ahead of time. To that end, Pretrial Services has already notified the defendant of the date for his next home visit in mid-November. Scheduling home visits weeks in advance allows the defendant the opportunity to suggest another date and time if there are any conflicts for the defendant, such as a work trip. In fact, the defendant has requested to reschedule a home visit on at least one occasion,

3

and the home visit was subsequently rescheduled. Finally, Pretrial Services has conducted at least one virtual visit to accommodate the defendant, as he was visiting his attorney in a different district. To provide this flexibility to the defendant, the Pretrial Services Officer was required to seek permission from her supervisor. To be clear, Pretrial Services was willing to conduct a virtual home visit on one occasion as a courtesy to the defendant, but in-person home visits are preferred to ensure adequate supervision of the defendant.

Thus, Pretrial Services has attempted to alleviate the burden of supervision on the defendant as much as possible, but home visits are still needed so that Pretrial Services may conduct proper supervision of the defendant prior to sentencing.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:   /s/ *Laura E. Hill*
LAURA E. HILL
Trial Attorney, detailed to the
District of Columbia
NV Bar No. 13894
175 N Street, NE, 9th Floor
Washington, DC 20002
(202) 598-3962
Laura.E.Hill@usdoj.gov